RUSS, AUGUST & KABAT
Nathan D. Meyer, State Bar No. 239850
nmeyer@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Defendant
Hershenson Investments, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HERSHENSON INVESTMENTS, LLC, a California Limited Liability Company, MK 90210, Inc., a California Corporatoin, Does 1-10<br>　　　　　Defendant. | Case No. 2:20-cv-06872-RAO<br><br>[Assigned to Magistrate Rozella A. Oliver, Courtroom]<br><br>**DEFENDANT HERSHENSON INVESTMENTS, LLC'S ANSWER TO COMPLAINT**<br><br>Original Complaint Filed:<br>July 31, 2020 |

201102 Answer.docx

Pursuant to Civil Local Rule 8-3, Defendant Hershenson Investments, LLC, hereby make this Answer to Plaintiff Brian Whitaker's ("Plaintiff") Complaint:

## PARTIES

1. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1 and on that basis denies them.

2. Defendant admits each and every allegation contained in paragraph 2 is correct.

3. Defendant admits each and every allegation contained in paragraph 3 is correct.

4. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies them.

5. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5 and on that basis denies them.

6. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies them.

## JURISDICTION & VENUE

7. Admitted that Plaintiff purports to assert such claims. The remaining allegations in this paragraph are denied.

8. Admitted that Plaintiff purports to assert such claims. The remaining allegations in this paragraph are denied.

9. Admitted that venue is proper here with respect to Plaintiffs' ADA claims against businesses that are located in this district. The remaining allegations in this paragraph are denied.

## FACTUAL ALLEGATIONS

10. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies them.

11. Admitted.

12. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies them.

13. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies them.

14. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis denies them.

15. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies them.

16. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies them.

17. Defendant is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 17 and on that basis denies them.

18. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies them.

19. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies them.

20. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies them.

21. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies them.

22. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies them.

**FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

23. Defendant reincorporates its response by reference to its responses set forth in the remainder of its answer.

24. Plaintiffs merely state legal conclusions, which require no response and the provisions of the ADA speak for themselves.

25. Plaintiffs merely state legal conclusions, which require no response and the provisions of the ADA speak for themselves.

26. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 26 and on that basis denies them.

27. Plaintiffs merely state legal conclusions, which require no response and the provisions of the ADA speak for themselves.

28. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 28 and on that basis denies them.

29. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 29 and on that basis denies them.

30. Plaintiffs merely state legal conclusions, which require no response.

31. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 31 and on that basis denies them.

## SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

32. Defendant reincorporates its response by reference to its responses set forth in the remainder of its answer. Plaintiff merely states legal conclusions, which require no response and the Unruh Act speaks for itself.

33. Plaintiff merely states legal conclusions, which require no response and the Unruh Act speaks for itself.

34. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 34 and on that basis denies them.

35. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 35 and on that basis denies them

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses against Plaintiff:

### First Affirmative Defense

The Complaint fails to state a claim against these Defendants upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are moot.

### Third Affirmative Defense

Plaintiff failed to state a claim under the ADA or Unruh Civil Rights Act as against Defendants.

### Fourth Affirmative Defense

Plaintiff's claims are barred because, with respect to any particular architectural element of the facility that departs from accessibility guidelines, Defendants have provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

### Fifth Affirmative Defense

Plaintiff's claims are barred because the claimed violations are "de minimis," and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

### Sixth Affirmative Defense

Plaintiff's claims are barred because there exist no barriers as alleged.

### Seventh Affirmative Defense

Plaintiff's claims are barred because the barrier removal(s) Plaintiff seeks pursuant to the ADA in facilities built before January 26, 1993 are not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. §12181(9).

### Eighth Affirmative Defense

Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger

RUSS, AUGUST & KABAT

an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

### Ninth Affirmative Defense

Plaintiff's claims are barred because the alterations made by Defendant are sufficient in that they satisfy the "to the maximum extent feasible" standard. 28 C.F.R. §36.402(a)(1); 42 U.S.C §12183(a)(2).

### Tenth Affirmative Defense

Plaintiff's claims are barred because the subject facility has not been modified, replaced or remodeled within the statutory time period.

### Eleventh Affirmative Defense

Plaintiff lacks standing to challenge alleged barriers on the subject facility because he did not visit the subject facility prior to the filing of the initial Complaint.

### Twelfth Affirmative Defense

Plaintiff lacks standing to sue in that he cannot show any injury in fact, because the alleged barriers are not related to his specific disability.

### Tenth Affirmative Defense

Plaintiff's claims are barred to the extent the facility was designed and constructed prior to the effective date of the ADA, Title 24, or their regulations.

### Thirteenth Affirmative Defense

Defendants allege and state that there have been no violations of the Unruh Civil Rights Act because Plaintiff cannot establish any actual knowledge or notice that Defendants intended to violate or interfere with Plaintiff's rights.

### Fourteenth Affirmative Defense

Defendant has made good faith efforts to comply with the ADA, the Unruh Act, and the California Disabled Persons Act, including providing appropriate alternative access.

RUSS, AUGUST & KABAT

201102 Answer.docx

5

**DEFENDANT HERSHENSON INVESTMENTS, LLC'S ANSWER TO COMPLAINT**

### Fifteenth Affirmative Defense

Defendants are informed and believe and on that basis allege that Plaintiff failed to mitigate his damages, if there were any, although he had a reasonable opportunity to do so.

### Sixteenth Affirmative Defense

Defendants allege that Plaintiff's injuries and damages, if any, were caused in whole or in part by the comparative fault of others, for which Defendants are not liable.

### Seventeenth Affirmative Defense

Defendants allege that the alleged injuries and damages, if any, were directly, legally and proximately caused by the intervening, superseding negligence or other wrongful conduct of other parties to this litigation and/or unknown third parties, and not by Defendants.

### Eighteenth Affirmative Defense

Plaintiff is not entitled to full statutory damages as Plaintiff is a "high-frequency litigant," as defined in Code of Civil Procedure §425.55(6).

### Nineteenth Affirmative Defense

Defendants allege that it presently has insufficient knowledge or information to form a belief as to whether there may be additional, as yet unstated affirmative defenses available. Defendants reserve herein the right to assert additional defenses in the event discovery indicates that such would be appropriate under the circumstances.

Wherefore, Defendants pray for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by his Complaint and that it be dismissed with prejudice;

2. That Defendants be awarded judgment in this action along with costs of suit incurred;

3. That Defendants be awarded reasonable attorney's fees to the extent allowed by law; and

4. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant Hershenson Investments, LLC demands trial by jury on all issues.

DATED: November 2, 2020              RUSS, AUGUST & KABAT

                                      By: _____
                                      Nathan D. Meyer
                                      Attorneys for Defendant Hershenson Investments, LLC

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on November 2, 2020, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/   *Nathan D. Meyer*